| STATE OF LOUISIANA | * | NO. 2018-KA-1039 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| BLAIR TAYLOR | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 522-732, SECTION "I"
Honorable Karen K. Herman, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
**ON REMAND FROM LOUISIANA SUPREME COURT**

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Paula
A. Brown)

Leon Cannizzaro
DISTRICT ATTORNEY, ORLEANS PARISH
Donna Andrieu
Irena Zajickova
ASSISTANT DISTRICT ATTORNEYS, ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

COUNSEL FOR THE STATE

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

COUNSEL FOR DEFENDANT

Blair Taylor #720597
Louisiana State Penitentiary
Camp - C Jag 1 - Left - 4
Angola, LA 70712

*PRO SE* DEDEFENDANT

VACATED AND REMANDED
June 17, 2020

PAB
TFL
LCB

This criminal appeal is on remand from the Louisiana Supreme Court following *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020)(hereinafter referenced as "*Ramos*"), wherein the United States Supreme Court held that non-unanimous jury verdicts are unconstitutional in state felony prosecutions.

In the case *sub judice*, Defendant, Blair Taylor, along with two others, arrived at a house on Burgundy Street located in New Orleans, Louisiana, on August 10, 2014, and opened gunfire on several adults, teens, and children located in the front yard and front porch of the house. Defendant was convicted by a jury, with a vote of eleven to one as to each count, on the charges of second degree murder (two counts) and attempted second degree murder (five counts).[1] Defendant appealed, and this Court affirmed Defendant's convictions and sentences. *See State v. Taylor*, 18-1039, 2019 WL 1715768 *1-*9 (La. App. 4 Cir. 4/17/19).[2] Defendant did not object to his non-unanimous verdicts at the trial court level nor did he raise the issue on appeal. In an application for rehearing to this

---

[1] The district court specifically recounted the jury's polling slips, reciting: "Count 1 is 11-1. Count 2 is 11-1. Count 3 is 11-1. Count 4 is 11-1. … Count 5, 11-1. Count 6, 11-1. Count 7, 11-1. All as to Blair Taylor."

[2] Judge Lobrano concurred in the result.

1

Court, Defendant raised for the first time the issue of his non-unanimous verdicts and argued this Court should consider the issue. Defendant's application for rehearing was denied on May 8, 2019.

Defendant sought review by the Louisiana Supreme Court, and while Defendant's writ application was pending, the United States Supreme Court decided *Ramos*, wherein the Court determined that non-unanimous verdicts were not permitted by the Sixth Amendment to the United States Constitution and the prohibition applies to the states through the Fourteenth Amendment. 590 U.S. at ___, 140 S.Ct. at 1397. The *Ramos* decision overruled long-standing precedent authorizing non-unanimous jury verdicts in state prosecutions. As a result of the *Ramos* decision, the Louisiana Supreme Court granted Defendant's pending writ application and remanded Defendant's case to this Court to conduct an error patent review:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).
>
> The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). . . .

*State v. Taylor*, 19-00946, p. 1 (La. 6/3/20), ___So.3d ___.

This Court routinely reviews the record on appeal for errors patent. La. C.Cr.P. art. 920;[3] *State v.Lewis*, 15-0773, p. 9 (La. App. 4 Cir. 2/3/16), 187 So.3d

---

[3] La. C.Cr.P. art. 920(2) states that an errors patent is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." *State v. Duckett*, 19-0319, p. 8 (La. App. 4 Cir. 12/18/19), 288 So.3d 16

24, 29.  A review of the record reveals one error patent. All of Defendant's convictions were by non-unanimous jury verdicts, rendering his convictions unconstitutional in light of *Ramos*.[4]  Consequently, Defendant's convictions and sentences are vacated, and the case is remanded to the district court for further proceedings.[5]

## CONCLUSION

Based on the foregoing reasons, Defendant's convictions and sentences are vacated, and the case is remanded to the district court for further proceedings.

**VACATED AND REMANDED**

---

[4] *See Taylor*, 19-00946, p. 1 (citation omitted)(wherein the Louisiana Supreme Court indicated non-unanimous verdicts in felony prosecutions should be reviewed on error patent review and concluded that "the present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies."); *See also*, *State v. Jenkins*, 20-2, 2020 WL 3071594 *1-*2, (La. App. 3 Cir. 6/10/20)(wherein the Third Circuit, citing *Ramos,* recognized as an error patent that the version of La. C.Cr.P. art. 782 in effect at the time of the time of the commission of the offense, which allowed an non-unanimous jury verdict on a charge such as second degree murder, was unconstitutional because it authorized a non-unanimous jury verdict.)

[5] The *Ramos* Court noted "no one before us suggest that the error is harmless." 590 U.S. at ___, 140 S.Ct. at 1408.